SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NATASHA M. GEILING, CASB #341432**
Assistant United States Attorney
Natasha.Geiling@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00171-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ARNOL ANTONIO ERAZO-VILLALOBOS,** | |
| **Defendant.** | |

## Introduction

Defendant Arnol Antonio Erazo-Villalobos possessed over 500 grams of cocaine with the intent to distribute it. Defendant should receive a 15-month sentence, followed by four years of supervised release.

## Factual Background

### A. The Offense Conduct

On March 26, 2026, a Portland Police Officer who was working as a patrol member of the PPB Traffic Division was parked at the intersection of the Southbound Highway I-205 off-

ramp and Southeast Foster Road in Portland, Oregon. The officer observed a burgundy Honda Pilot SUV making a right turn and saw that the driver of the vehicle appeared to be holding his phone in his hand, near his face, and speaking into the device. The officer initiated a traffic stop based on his observation of the driver using his mobile device while operating a motor vehicle.

The officer directed the vehicle to stop in the parking lot of Planet Fitness at 9280 SE Foster Road. The vehicle stopped, and the officer approached. As the officer approached, he noted that the vehicle had parked very close to another vehicle in the parking lot, which prevented the passenger door from opening. The officer noted two individuals in the vehicle: the driver, and a passenger, who was later identified as the defendant.

The officer asked the driver of the vehicle to identify himself. The driver initially identified himself via an international driver's license. The officer was unable to verify either the veracity of the international driver's license nor the existence of insurance and so requested that the driver exit the vehicle.

As the officer was assisting the driver, he noticed that the defendant began acting nervous. The officer directed the defendant to place his hands on the dashboard. The defendant did so briefly but then jumped out of the vehicle's passenger-side window and fled the scene.

Officers pursued the defendant on foot. During that pursuit, the defendant dropped a phone in the parking lot. The defendant was located and arrested. During a search of the defendant's person, officers located three additional cell phones and a total of $2,137 in United States currency. While the foot pursuit with the defendant occurred, the driver also fled on foot but was eventually located and arrested. During a search of the driver's person, officers located a cell phone, small packages which contained 24 gross grams of presumptively positive cocaine, and $1,673 in United States currency.

Following abandonment of the vehicle by both the driver and defendant, officers searched the vehicle and found a white plastic bag containing suspected cocaine under the front passenger seat where the defendant had been seated, as well as several other bags containing suspected cocaine throughout the vehicle, including on the driver's seat and driver's side of the vehicle, the vehicle's center console, under the center console radio, and in clothing items found in the trunk. In total, officers seized 1,180.9 gross grams of suspected cocaine from the vehicle, and tested one package weighing 808 grams, which filed-tested presumptive positive for cocaine.

In addition, officers located a loaded Springfield 40mm handgun3 (serial #XD411796, manufactured in Croatia) lying on the center console's storage tray. Based on review of evidence obtained from the driver's cellphone, including several images showing the driver holding a firearm that appears similar to the one seized from the vehicle, the government attributed the firearm to the driver and not to defendant.

**B. The Charges**

Defendant was charged in a one count Information with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii).

**C. The Plea Agreement & Guideline Computations**

Defendant agreed to plead guilty to the one count Information charging Possession with Intent to Distribute Cocaine. The government also will, subject to the limitations set forth in the agreement, recommend that defendant receive a three-level reduction for acceptance of responsibility. Because the parties believe the defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

Additionally, the parties also believe that the defendant does not have any criminal history points and otherwise meets all the criteria for the "Adjustment for Certain Zero-Point Offenders," and thus will recommend a two-level downward adjustment pursuant to USSG § 4C1.1, if adopted.

The government and U.S. Probation Office believe defendant's initial adjusted Offense Level for sentencing purposes is 17.

Finally, considering the defendant's early resolution of his case and demonstrated acceptance of responsibility, the government recommends, as a reasonable sentence under the factors listed in 18 U.S.C. § 3553(a), a 3-level downward variance.

The parties agree with the following PSR computations:

| **Enhancement** | **Government's Position** |
|---|---|
| Base—<br>USSG § 2D1.1 | 24 (not contested) |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | -3 |
| Safety Valve—<br>USSG § 5C1.2 | -2 |
| Zero-Point Offender—<br>USSG § 4C1.1 | -2 |
| **Government's Total Offense Level** | **14** (Reduced 3 levels as a variance under 18 U.S.C. § 3553(a)) |
| **Resulting Guideline Range** | **15-21 months** |

**Argument**

**D. Government's Recommended Sentence**

The Court should impose a sentence of 15 months imprisonment followed by four years of supervised release and a $100 special assessment. A lesser sentence would not reflect the seriousness of defendant's decision to distribute cocaine, a dangerous and highly addictive

controlled substance, into the community. Moreover, while defendant does qualify as a Zero-Point offender without any prior criminal convictions, he is currently facing pending criminal charges in Washington state stemming from alleged distribution of fentanyl and heroin.

The government acknowledges that the recommended sentence falls below the mandatory minimum sentence set forth for the charged offense under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii). Nevertheless, fifteen months—a sentence at the low-end of the government's total offense level—is sufficient, but not greater than necessary, to effectuate the goals set forth in 18 U.S.C. § 3553(a). It considers the nature and circumstances of the offense, including both defendant's decision to distribute cocaine as well as defendant's relatively minor role in the offense as that of a courier rather than a high-level drug trafficker or organizer. It also considers the defendant's history and characteristics by taking into account defendant's limited criminal history, defendant's willingness to accept responsibility, and defendant's decision to pursue early resolution. It considers defendant's eligibility for safety-valve relief from the mandatory minimum, which in turn reflects the nature and circumstances of the offense and the government's attribution of the firearm found in the vehicle to the driver and not defendant. It considers the average length of sentences for similarly situated defendants, who, as noted in the Presentence Report, receive on-average custodial sentences of 16 months. Finally, it considers need to provide adequate deterrence to criminal conduct as well as to protect the community, while at the same time reflecting the fact that defendant will almost certainly face deportation at the conclusion of his custodial sentence.

**Conclusion**

Based on the foregoing, the government recommends that this Court impose a sentence of 15 months, followed by a four-year term of supervised release, subject to the standard conditions, as well as a $100 special assessment.

Dated: October 29, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/Natasha M. Geiling*
NATASHA M. GEILING, CASB #341432
Assistant United States Attorney